IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DON SANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:12-cv-243 |
| GEORGE BUSH SR., GEORGE BUSH JR., and PHILLIP JONES BUSH 3rd, | ) Judge Haynes ) ) |
| Defendants. | ) ) |

MEMORANDUM

Plaintiff Don Sanders, a state prisoner at the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee, filed this *pro se* action,[1] under 42 U.S.C. § 1983 against the Defendants Barbara and George Bush, Sr., George Bush, Jr., and Phillip Jones Bush, 3rd. Plaintiff Don Sanders submitted an Application to Proceed *in Forma Pauperis*.

A. The Application to Proceed as a Pauper

In his application to Proceed *in Forma Pauperis*, Plaintiff Don Sanders asserts that he is employed, but does not name his employer nor his salary. Plaintiff Don Sanders states that he received a million dollars from a business, profession or other form of self-employment within the past twelve months as well as $25,000 per month in rent payments, interest or dividends and $100 million in pension, annuity, or life insurance payment from Charles Ward. Plaintiff Don Sanders asserts gift or inheritance of unspecified amount from Charles Ward and $1 million is in his bank account. (Docket Entry No. 2, at 1–2.) The signed and notarized statement from a financial officer at the institution reflects Plaintiff Don Sanders has $4.40 in his prison trust-fund account. Sanders has not submitted a certified copy of his trust account statement (or institutional equivalent) for the six-month period preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2).

---

[1]There are other co-plaintiffs Charles Ward, Anthony W. Sanders, Jr. and Elijah M. Sanders who did not sign the complaint nor submit an *In Forma Pauperis* application. Thus, the Court does not consider those co-plaintiffs to be parties.

Plaintiff Don Sanders' application does not substantiate his claim to be a pauper, the Court denies Don Sanders' application. The Court must assess the full filing fee against Plaintiff Don Sanders and dismiss the complaint *sua sponte*, before service on any defendant, if the complaint is frivolous or fails to state a claim. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

As the Sixth Circuit has stated: "The dismissal of a complaint under § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)(2). . . . [A] court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order." *McGore*, 114 F.3d at 608.

## B. Analysis of the Complaint

According to the complaint, Don Sanders lists Charles Ward as his benefactor, and co-plaintiff, but does not provide an address for him, stating instead: "I don't know my dad[']s address because I hadn't been with him since I was born. He just came to see me once or twice or 4." (Docket Entry No. 1, Complaint at 4.) Don Sanders lists Memphis addresses for Anthony Sanders and Elijah Sanders. The defendants, George Bush, Sr., George Bush, Jr., and Phillip Jones Bush, 3rd, are allegedly employees of "D.S.N.F." or "R.M.S.I.," the DeBerry Special Needs Facility and Riverbend Maximum Security Institution, respectively.

In his complaint, Plaintiff does not identify any defendant by name, nor specify any act or omission by a defendant that violated Sanders' constitutional rights. Plaintiff's "Statement of Your Claim" section of his complaint reads as follows:

> Asary and I said I just got here and I haven't had time to go to the store and then he said well I aint gone give you notheng but a few sheet then later medication call he told his moma Horton that I was slummit and that mean shit and she said nall not him so I played it off and his son Wheeler also bucked me about the shower and he did a few on the low end then came to me and I ask him could I get the big shower and he said you either get it now or you refuse and we were suspose to have gotten one the second shift. So for that last trillion dollars I gave them I want it back with then the next 18 years cause their tring to be somebody that there not. [*Sic*.]

Id. at 6. In the "Relief Requested" section of his complaint, Sanders seeks a trillion dollars, and to give each defendant 200 years to live, but "[t]hey die every 12 years," except that those who were his family members die "every 100 years." Id.

### C. Conclusions of Law

Under the Prison Litigation Reform Act ("PLRA"), this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it seeks redress from a governmental entity, official, or employee. 28 U.S.C. § 1915A. After the initial screening, the Court must *sua sponte* dismiss the complaint or any portion thereof if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore*, 114 F.3d at 612; 28 U.S.C. § 1915A(b)(1). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To state a claim under § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–56 (1978). Both parts of this two-part test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). The allegations in the present complaint do not satisfy either prong of the two-part test. Plaintiff's factual allegations are delusional. Accordingly, the complaint should be dismissed as frivolous under 28 U.S.C. § 1915A(b)(1).

An appropriate order is filed herewith.

**ENTERED** this the 23rd day of March, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge